UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL ZEVALLOS, | No. 2:18-cv-1111 AC P |
| Plaintiff, | |
| v. | ORDER |
| KATHLEEN ALLISON, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.  Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'"  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III.    Complaint

The complaint alleges that defendants Allison, Lizarraga, Kentner, Giovacchini, and four Doe defendants violated plaintiff's rights under the First and Eighth Amendments. ECF No. 1. Plaintiff alleges that on June 4, 2016, the day of his young son's funeral, he advised officers that he was feeling suicidal. Id. at 9. The officers notified the psychiatrist who ordered a suicide prevention plan, and plaintiff was put in a suicide cell under supervision a psych tech. Id. at 9-10.

The following day, plaintiff was seen by defendant Dr. Kentner, who was "very negative, disrespectful, and unprofessional." Id. at 10. Upon plaintiff's return to his cell, he found that three full bottles of cleaning chemicals had been left by his toilet and he began drinking them while crying and throwing up. Id. at 10. The prisoners in the neighboring cells began yelling man down and the door sergeant, psych tech, and captain appeared at his door with his former cellmate to try and talk him out of committing suicide. Id. at 11. Plaintiff was removed from his cell, given charcoal, and transported by ambulance to the hospital where he received further treatment. Id. at 11. Upon his return to the prison, plaintiff was returned to a suicide cell and attempted to exhaust his appeal, but was impeded by defendants Lizarraga and Giovacchini, who screened out his complaint and told him that he needed to name all defendants before it could proceed and failed to tell him about a form he needed to attach. Id. at 11-12.

////

IV. <u>Failure to State a Claim</u>

   A. <u>Deliberate Indifference</u>

      i. <u>Defendants Allison, Lizarraga, and the Doe Defendants</u>

Plaintiff alleges that defendant Allison, the director of the California Department of Corrections and Rehabilitation (CDCR); defendant Lizarraga, the warden; and the John Doe sergeant violated his Eighth Amendment rights by failing to properly train and supervise staff to prevent plaintiff from attempting to commit suicide. <u>Id.</u> at 13-14, 16. He also alleges that the John Doe Captain, Sergeant, and escorting officer knew that plaintiff was suicidal and failed to protect him from committing self-harm, while the Jane Doe psych tech allegedly failed to prevent the chemicals from being left in plaintiff's cell and prevent plaintiff from drinking them. <u>Id.</u> at 15-16.

Plaintiff's allegations fail to state a claim against these defendants because there are no facts showing that any of these defendants were aware of the actual presence of chemicals in plaintiff's cell or the possibility that chemicals had been left in plaintiff's cell. See <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted) (Eighth Amendment violated where prison official is deliberately indifferent to serious risk of harm). Nor are there facts to show that any defendant knew that plaintiff was at risk of serious harm while housed in a suicide prevention cell with the preventative measures in place.

To the extent the claims against the supervisory defendants are based on a failure to train or supervise, the allegations of the complaint demonstrate that after plaintiff advised staff that he was suicidal, a suicide prevention plan was put into place and plaintiff was placed in a cell with precautions to protect against suicide. Further, when it was discovered that plaintiff was attempting to commit suicide, he was provided prompt medical care and sent to a hospital for additional treatment. These facts do not demonstrate pervasive failures that would have notified the supervisory defendants of a need to further train or supervise their subordinates. See <u>Flores v. County of Los Angeles</u>, 758 F.3d 1154, 1159 (9th Cir. 2014) (pattern of similar violations ordinarily necessary to state a claim).

////

### ii. Defendant Kentner

Defendant Kentner allegedly violated plaintiff's Eighth Amendment rights by ignoring plaintiff's pleas for assistance, failing to ensure plaintiff was in a safe environment, and failing to prevent plaintiff from harming himself. ECF No. 1 at 15.

Plaintiff's dissatisfaction with defendant Kentner's demeanor does not state a claim for deliberate indifference. See Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004) (difference of opinion as to treatment does not show deliberate indifference). Although he alleges that Kentner failed to adequately treat him, plaintiff does not offer any further explanation as to what Kentner failed to do. Defendant's awareness that plaintiff was suicidal, by itself, is not sufficient to state a claim for deliberate indifference simply because plaintiff succeeded in harming himself. As with the other defendants, there are no facts showing that Kentner was aware of the actual presence of chemicals in plaintiff's cell or the possibility that chemicals had been left in plaintiff's cell such that his failure to check for or remove the chemicals would constitute deliberate indifference. See Farmer, 511 U.S. at 834

### B. Retaliation

Plaintiff also alleges that defendants Giovacchini and Lizarraga retaliated against him by refusing to process his appeals by telling plaintiff that he needed to include the names of all defendants and not advising him of a form that he needed to provide at the next level. ECF No. 1 at 18. The allegations fail to state a claim for retaliation because there is no indication that defendants failed to process the appeals or tell him about the form because of his participation in protected conduct. See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citation omitted) (adverse action must be because of plaintiff's protected conduct). The mere fact that plaintiff's appeals were not processed does not demonstrate retaliatory motive, and based on the allegations, plaintiff's appeals were screened out because they did not meet certain requirements. Furthermore, denying a grievance does not rise to the level of an adverse action sufficient to support a retaliation claim. See Dicey v. Hanks, No. 2:14-cv-2018 JAM AC P, 2015 WL 4879627, at *5, 2015 U.S. Dist. LEXIS 107487, at *11-12 (E.D. Cal. Aug. 14, 2015) (collecting cases).

V.     Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state any cognizable claims. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires.

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.    Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

You are being given leave to amend because the facts you have alleged in the complaint are not enough to state a claim for relief. To state a claim for deliberate indifference, you must

6

allege facts showing that each defendant was aware of a risk to your health and safety and ignored that risk. Just saying that they knew you wanted to hurt yourself is not enough. To state a claim for retaliation you must allege facts showing that the defendants' actions were taken because you filed an appeal and that the action they took against you would stop the average prisoner from continuing to pursue First Amendment activities.

If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint. **Any claims and information not in the first amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis, ECF No. 2, is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in in a recommendation that this action be dismissed.

/////
/////
/////
/////

     5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: April 6, 2021

                                     /s/ Allison Claire
                                    ALLISON CLAIRE
                                    UNITED STATES MAGISTRATE JUDGE