UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL ZEVALLOS,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, et al.,<br><br>Defendants. | No. 2:18-cv-1111 AC P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983, has filed a first amended complaint. ECF No. 12.

I. <u>Statutory Screening of Prisoner Complaints</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" <u>Jackson v. Arizona</u>, 885 F.2d 639,

1

640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

////

////

1    II.     Amended Complaint

The amended complaint alleges that defendants Allison, Lizarraga, Kentner, Giovacchini, and six Doe defendants violated plaintiff's rights under the First and Eighth Amendments. ECF No. 12. Plaintiff alleges that on June 4, 2016, he was placed on suicide watch. Id. at 4. The following day, plaintiff was seen by defendant Kentner, a psychiatrist, and then returned to his cell. Id. Upon escorting plaintiff back to his cell, Doe II failed to search the cell for dangerous items or contraband, and plaintiff found three bottles of poison[1] that had been left by his toilet and drank them. Id. at 4-5. Plaintiff also alleges that other personnel failed to search his cell and that Doe II or other unspecified individuals deliberately put the chemicals in his cell, while Doe I left her watch position unattended. Id. at 4-5, 7. Finally, the complaint alleges that unspecified defendants retaliated against plaintiff for exercising his right to access the courts by giving him false rules violation reports and that defendants are liable for the actions of their subordinates. Id. at 6.

III.    Failure to State a Claim

  A.   Personal Involvement

The complaint fails to identify the actions by defendants Allison, Lizarraga, Giovacchini, or Does III-VI. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation, Rizzo v. Goode, 423 U.S. 362, 371, 376 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980), and plaintiff has not alleged any facts showing the necessary personal involvement by any individual defendant. Furthermore, plaintiff's conclusory assertion that unspecified defendants are liable for the actions of their subordinates is insufficient to establish such liability. See Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient." (citations omitted)); Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir.

////

---

[1] Both the original complaint and attachments to the amended complaint identify the contents of the bottles as cleaning chemicals. ECF No. 1 at 10; ECF No. 12 at 19.

1989)) (supervisor can be liable for his personal involvement or if there is a sufficient causal connection between supervisor's conduct and violation).

B. Retaliation

Plaintiff's retaliation claim fails because he has not identified who retaliated against him. Furthermore, while he states that he was retaliated against "for exercising [his] right of access to the courts," he does not specify what protected action he was taking in exercising this right or why he believes that the write-ups were motivated by his protected conduct. See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citation omitted) (adverse action must be because of plaintiff's protected conduct). The mere fact that plaintiff was written up, without more, does not mean that he was being retaliated against.

C. Deliberate Indifference

i. Defendant Kentner

Plaintiff alleges only that he talked to defendant Kentner. There are no allegations that would suggest that Kentner was deliberately indifferent to plaintiff's medical needs. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted) (deliberate indifference shown by a purposeful act or failure to respond to plaintiff's pain or medical need and harm cause by indifference).

ii. Doe Defendant I

Plaintiff alleges that Doe I was negligent in leaving her post unattended when it was her responsibility to watch plaintiff until he was no longer suicidal. However, negligent failure to protect an inmate from harm is not actionable under § 1983. Farmer v. Brennan, 511 U.S. 825, 835 (1994). Furthermore, it is unclear whether Doe I left her post while plaintiff was seeing Kentner and was therefore unaware that plaintiff had been returned to his cell, or whether she left plaintiff unattended after he was returned to his cell. There are also no facts regarding how long Doe I left her post or that would show that she knew that chemicals had been left in plaintiff's cell. Plaintiff has therefore failed to state a claim for deliberate indifference against Doe I. See Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted)
////

(Eighth Amendment violated where prison official is deliberately indifferent to serious risk of harm).

### iii. Doe Defendant II

Plaintiff's allegations that Doe II and other unspecified individuals failed to failed to search his cell fail to state a claim for deliberate indifference because there are no facts showing that Doe II or other personnel were aware of the actual presence of chemicals in plaintiff's cell or the possibility that chemicals had been left in plaintiff's cell. See Farmer, 511 U.S. at 834. The conclusory allegation that Doe II, or some other unidentified individual, deliberately left chemicals in plaintiff's cell also fails to state a claim for relief against any defendant. There are no facts that demonstrate the chemicals were deliberately left in the cell.

## IV. Leave to Amend

For the reasons set forth above, the court finds that the first amended complaint does not state any cognizable claims. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given one final opportunity to amend the complaint if he desires.

If plaintiff chooses to file a second amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th

Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a second amended complaint, the original complaint and any previous amended complaints no longer serve any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

V.      Plain Language Summary of this Order for a Pro Se Litigant

You are being given leave to amend because the facts you have alleged in the complaint are not enough to state a claim for relief. To state a claim for deliberate indifference, you must allege facts showing that each defendant was aware of a risk to your health and safety and ignored that risk. To state a claim for retaliation you must allege facts showing that the defendants' actions were taken because you took some protected action like filing a grievance or lawsuit. To state a claim against any defendant you must explain what that defendant did. You cannot make claims against "defendants" generally.

If you choose to amend your complaint, the second amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original or first amended complaint. **Any claims and information not in the second amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. The first amended complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

2. Within thirty days from the date of service of this order, plaintiff may file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Plaintiff must file an original and two copies of the second amended complaint. Failure to file a second amended complaint in accordance with this order will result in in a recommendation that this action be dismissed.

////

3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: May 19, 2021.

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE