UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL ZEVALLOS,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, et al.,<br><br>Defendants. | No. 2:18-cv-1111 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983, has filed a second amended complaint. ECF No. 14.

I. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639,

640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

////

////

II.     Second Amended Complaint

The second amended complaint, which is nearly identical to the original complaint, alleges that defendants Allison, Lizarraga, Kentner, Giovacchini, and four Doe defendants violated plaintiff's rights under the First and Eighth Amendments. ECF No. 14. Plaintiff alleges that on June 4, 2016, the day of his young son's funeral, he advised officers that he was feeling suicidal. Id. at 7. The officers notified the psychiatric doctor who ordered a suicide prevention plan, and plaintiff was put in a suicide cell under supervision a psych tech. Id. at 7-8.

The following day, plaintiff was seen by defendant Kentner, a psychiatric doctor, who was "very short, negative, disrespectful, and unprofessional." Id. at 8. The Doe correctional officer escorted plaintiff back to his cell and failed to check plaintiff's cell upon his return. Id. at 14. Upon return to his cell, plaintiff found that three full bottles of cleaning chemicals had been left by his toilet and he began drinking them while crying and throwing up. Id. at 8-9. The prisoners in the neighboring cells began yelling man down and the Doe sergeant, a psych tech, the Doe captain, and other officers appeared at his door with his former cellmate to try and talk him out of committing suicide. Id. at 9. Within minutes, plaintiff began feeling weak and confused and allowed officers to remove him from his cell. Id. He was given something to make him vomit and then transported by ambulance to the hospital where he received further treatment. Id. Upon his return to the prison, plaintiff was returned to a suicide cell and attempted to exhaust his appeal, but was impeded by defendants Lizarraga and Giovacchini, who screened out his complaint and told him that he needed to name all defendants before it could proceed and failed to tell him about a form he needed to attach. Id. at 9-10, 15-16.

III.    Failure to State a Claim

   A.   Deliberate Indifference

       i.   Defendants Allison, Lizarraga, Doe Sergeant and Doe Captain

Plaintiff alleges that defendant Allison, the director of the California Department of Corrections and Rehabilitation (CDCR); defendant Lizarraga, the warden; and the John Doe sergeant and captain violated his Eighth Amendment rights by failing to properly train and supervise staff to prevent plaintiff from attempting to commit suicide. ECF No. 14 at 3-5, 11-14.

Plaintiff's allegations fail to state a claim against these defendants because there are no facts showing that any defendant was aware of the actual presence of chemicals in plaintiff's cell or the possibility that chemicals had been left in plaintiff's cell. See Farmer v. Brennan, 511 U.S. 825, 834 (1994) (Eighth Amendment violated where prison official is deliberately indifferent to serious risk of harm). Nor are there facts to show that any defendant knew that plaintiff was at risk of serious harm while housed in a suicide prevention cell with the preventative measures in place.

To the extent the claims against the supervisory defendants are based on a failure to train or supervise, the allegations of the complaint demonstrate that after plaintiff advised staff that he was suicidal, a suicide prevention plan was put into place, and plaintiff was placed in a cell with precautions to protect against suicide. Further, when it was discovered that plaintiff was attempting to commit suicide, he was provided prompt medical care and sent to a hospital for additional treatment. These facts do not demonstrate pervasive failures that would have notified the supervisory defendants of a need to further train or supervise their subordinates. See Flores v. County of Los Angeles, 758 F.3d 1154, 1159 (9th Cir. 2014) (pattern of similar violations ordinarily necessary to state a claim).

   ii. Defendant Kentner

Defendant Kentner allegedly violated plaintiff's Eighth Amendment rights by ignoring plaintiff's pleas for assistance, failing to ensure plaintiff was in a safe environment, and failing to prevent plaintiff from harming himself. ECF No. 14 at 12-13. However, as plaintiff was previously advised, his dissatisfaction with defendant Kentner's demeanor does not state a claim for deliberate indifference, see Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004) (difference of opinion as to treatment does not show deliberate indifference), and though he alleges that Kentner failed to adequately treat him, plaintiff does not offer any further explanation as to what Kentner failed to do. Defendant's awareness that plaintiff was suicidal, by itself, is not sufficient to state a claim for deliberate indifference simply because plaintiff succeeded in harming himself. As with the other defendants, there are no facts showing that Kentner was aware of the actual presence of chemicals in plaintiff's cell or the possibility that chemicals had

4

been left in plaintiff's cell such that her failure to check for or remove the chemicals would constitute deliberate indifference. See Farmer, 511 U.S. at 834.

### iii. Doe Correctional Officer

Plaintiff's allegations that the Doe correctional officer failed to search his cell upon his after his visit with Kentner fail to state a claim for deliberate indifference because there are no facts showing that Doe correctional officer was aware of the actual presence of chemicals in plaintiff's cell or the possibility that chemicals had been left in plaintiff's cell. See Farmer, 511 U.S. at 834.

### iv. Jane Doe Psych Tech

Plaintiff alleges that the Jane Doe psych tech left her post unattended when it was her responsibility to watch plaintiff until he was no longer suicidal. ECF No. 14 at 13. However, as with previous versions of the complaint, it is unclear whether defendant left her post while plaintiff was seeing Kentner and was therefore unaware that plaintiff had been returned to his cell or whether she left plaintiff unattended after he was returned to his cell. There are once again no facts regarding how long defendant left her post or that would show that she knew that chemicals had been left in plaintiff's cell. Plaintiff has therefore failed to state a claim for deliberate indifference against the Doe psych tech. See Farmer, 511 U.S. at 834.

## B. Retaliation

Plaintiff also alleges that defendants Giovacchini and Lizarraga retaliated against him by refusing to process his appeals, specifically by telling plaintiff that he needed to include the names of all defendants and not advising him of a form that he needed to provide at the next level. ECF No. 14 at 9-10, 15-16. The allegations fail to state a claim for retaliation because there is no indication that defendants failed to process the appeals or tell him about the form because of his participation in protected conduct. See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (adverse action must be because of plaintiff's protected conduct). The mere fact that plaintiff's appeals were not processed does not demonstrate retaliatory motive, and based on the allegations, plaintiff's appeals were screened out because they did not meet certain requirements. Furthermore, denying a grievance does not rise to the level of an adverse action

sufficient to support a retaliation claim. See Dicey v. Hanks, No. 2:14-cv-2018 JAM AC P, 2015 WL 4879627, at *5, 2015 U.S. Dist. LEXIS 107487, at *11-12 (E.D. Cal. Aug. 14, 2015) (collecting cases).

### IV. No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

The undersigned finds that, as set forth above, the second amended complaint fails to state a claim upon which relief may be granted. Plaintiff has already been given two opportunities to amend the complaint and advised what kind of information he needed to provide. Given that the second amended complaint is nearly identical to the original, it does not appear that further amendment would result in a cognizable claim. As a result, leave to amend would be futile and the second amended complaint should be dismissed without leave to amend.

### V. Plain Language Summary of this Order for a Pro Se Litigant

It is being recommended that your complaint be dismissed without leave to amend because you the facts you have provided do not show that any defendant was deliberately indifferent to your health or safety or that you were retaliated against.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that the second amended complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings

////

6

and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 21, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE