UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL ZEVALLOS,<br><br>Plaintiff,<br><br>v.<br><br>KATHILEEN ALLISON, et al.,<br><br>Defendants. | No. 2:18-cv-01111-TLN-AC<br><br><br><br>**ORDER** |

Plaintiff Angel Zevallos ("Plaintiff") is a state prisoner, proceeding *pro se*, with a civil rights action pursuant to 42 U.S.C. § 1983. On August 2, 2021, the Court dismissed this action and judgment was entered. (ECF Nos. 18, 19.) Plaintiff appealed the judgment to the Ninth Circuit Court of Appeals. (ECF No. 20.)

On September 10, 2021, the Ninth Circuit referred the matter to this Court for the limited purpose of determining whether Plaintiff's *in forma pauperis* ("IFP") status should continue on appeal or whether the appeal is frivolous or taken in bad faith. (ECF No. 23 at 1 (citing 28 U.S.C. § 1915(a)(3); *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002)).)

"An appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "The test for allowing an appeal [IFP] is easily met . . . [t]he good faith requirement is satisfied if the [appellant] seeks review of any issue that is 'not frivolous.'" *Gardner v. Pogue*, 558 F.2d 548, 550–51 (9th Cir. 1977) (quoting *Coppedge v.*

1  *U.S.*, 369 U.S. 438 445 (1962)); *see also Hooker*, 302 F.3d at 1092 (noting that an appeal is taken
2  in "good faith" if it seeks review of "non-frivolous" issues and holding that if at least one issue or
3  claim is non-frivolous, the appeal must proceed IFP as a whole).  An action is frivolous "where it
4  lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In
5  other words, the term "frivolous," as used in § 1915 and when applied to a complaint, "embraces
6  not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.*

7       As detailed by the magistrate judge in the June 22, 2021 Findings and Recommendations
8  that were subsequently adopted by this Court on August 2, 2021, Plaintiff's Second Amended
9  Complaint ("SAC") failed to state a claim for a violation of his Eighth Amendment rights.  (ECF
10 Nos. 16, 18.)  The magistrate judge found that Plaintiff was unable to allege sufficient facts to
11 state a claim.  (*See* ECF No. 16.)  The magistrate judge also found that "Plaintiff ha[d] already
12 been given two opportunities to amend the complaint and advised what kind of information he
13 needed to provide.  Given that the [SAC] is nearly identical to the original, it does not appear that
14 further amendment would result in a cognizable claim." (*Id.* at 6.)  The Court therefore adopted
15 the magistrate judge's recommendation to dismiss the SAC without leave to amend.  (ECF No.
16 18.)  In sum, there are no valid grounds upon which an appeal can be based given that none of the
17 arguments Plaintiff presented to this Court are non-frivolous.

18      Based on the record before it, the Court finds that Plaintiff's appeal taken from its August
19 2, 2021 Order is frivolous and not taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); Fed. R. App.
20 P. 24(a)(3)(A); *Hooker*, 302 F.3d at 1092; *Neitzke*, 490 U.S. at 325.  Plaintiff's IFP status on
21 appeal should therefore be revoked.

22      Accordingly, IT IS HEREBY ORDERED that:
23      1. Plaintiff's *in forma pauperis* status on appeal is hereby REVOKED; and
24      2. The Clerk of the Court is directed to serve this Order on the Ninth Circuit Court of
25         Appeals in Case No. 21-16449.
26 ///
27 ///
28 ///

1       IT IS SO ORDERED.

2 Date: September 16, 2021

3                                         Troy L. Nunley
                                        United States District Judge

3